IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 4:12-0004 |
| | ) | |
| vs. | ) | |
| | ) | |
| NATHANIEL ELMORE, JR. | ) | |
| | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE
AS TO NATHANIEL ELMORE, JR.

1. On January 4, 2012, a federal grand jury in this district returned a multi-count Indictment charging the Defendant Nathaniel Elmore, Jr. ("Defendant"), with various offenses related to trafficking in contraband cigarettes, in violation of 18 U.S.C. §§ 2342 and 2343, conspiracy to unlawfully transport stolen property in violation of 18 U.S.C. § 371, money laundering, in violation of 18 U.S.C. §1957, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956.

2. The Indictment provided that upon the Defendant's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c). The forfeitable property is identified as follows:

    A.    Real Property:

        Numbers 817 and 821 West Evans Street
        Florence, South Carolina
        Tax Map No. 9006-11-004

B. <u>Business/Corporate/Partnership Interests</u>:

Any and all right, title and interest of the defendant, NATHANIEL ELMORE, JR., in and to business and/or partnership assets and corporate interests held in the name(s) of the following entities, including but not limited to, all monies, claims, interests and accounts receivable payable to or received by the following entities:

(a) The Cigar Room

3. On January 10, 2013, Nathaniel Elmore, Jr. pled guilty to Count 2 of the Indictment, charging him with money laundering, in violation of 18 U.S.C. § 1957.

4. Based upon the Defendant's conviction, and other matters appearing in the record, the court has determined that the below-described property is subject to forfeiture, in that such property was involved in the offenses of conviction, or is traceable to such property. The court finds that the Defendant has an interest in such property, and that the property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).

5. The court has further determined that the government has established the requisite nexus between the said property subject to forfeiture and the offenses for which the Defendant has been convicted; therefore, pursuant to 18 U.S.C. § 982(a)(1), the property shall be forfeited to the United States, subject to the provisions of 21 U.S.C. § 853(n) governing third-party rights.

6. The court further finds that the United States is entitled to a judgment of forfeiture and possession of the property pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1.      The below described property, and all right, title and interest of the Defendant, Nathaniel Elmore, Jr., in and to such property, is hereby forfeited to the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n) governing third-party rights:

  A. <u>Real Property:</u>

  Numbers 817 and 821 West Evans Street
  Florence, South Carolina
  Tax Map No. 9006-11-004

  B. <u>Business/Corporate/Partnership Interests</u>:

  Any and all right, title and interest of the defendant, NATHANIEL ELMORE, JR., in and to business and/or partnership assets and corporate interests held in the name(s) of the following entities, including but not limited to, all monies, claims, interests and accounts receivable payable to or received by the following entities:

   (a) The Cigar Room

2.      Upon entry, this order becomes final as to Nathaniel Elmore, Jr., and shall be made a part of his sentence and included in the criminal judgment;

3.      The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property;

4.      This Order shall serve as a Writ of Entry and Inspection, authorizing the Internal Revenue Service, and their authorized representatives to enter onto and into the premises of the above-described real property as necessary for purposes of

conducting inspections, appraisals and videotaping the property, to record and document the condition, value and maintenance of the property until these proceedings are concluded. Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property;

5. Upon entry of this Order, the Internal Revenue Service or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third-party rights;

6. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c);

7. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought;

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues;

9. The United States shall have clear title to the property following the court's determination of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions;

10. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e);

11. The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                        s/R. Bryan Harwell
                                        R. BRYAN HARWELL
                                        UNITED STATES DISTRICT JUDGE

March 15, 2013

Florence, South Carolina